

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 26, 1951

Hon. C. H. Cavness                    Opinion No. V-1152.
State Auditor
Austin, Texas                         Re: Interpretation of Section 1,
                                          House Bill 779, Acts 51st Leg.,
                                          R.S. 1949, regarding limita-
                                          tions on tax remissions to
Dear Mr. Cavness:                         certain public agencies.

          You request the opinion of this office upon the construc-
tion of House Bill 779, Acts 51st Leg., R.S. 1949, ch. 309, p. 572,
with reference to the provisions of this act fixing limitations upon
the additional amount to be granted under the terms of the act to
the public agencies enumerated in it.

          The purpose of this legislation was to grant to the named
public agencies additional relief by the donation and allocation of
additional State taxes from subsequent levies and assessments due
to the fact that there was no State ad valorem tax levied for general
revenue for the year 1948. These public agencies did not receive
the allocation or donation of State taxes for 1948 which they would
have received had there been a State levy for that year.

          Section 1 of this act states two limitations upon the a-
mount to be granted from subsequent levies to compensate for the
omission of the 1948 levy. For the sake of clarity, we state these
limitations in the order given, as follows:

          (1)  " . . . each such Agency may receive an a-
mount equal but not in excess of the amount that each
would have received had such tax been levied for the
year 1948."

          (2)  " . . . and limited to the amount actually re-
ceived by such Agency by reason of the 1947 levy dur-
ing the fiscal year from September 1, 1947, to August
31, 1948, as shown by the records of the State Comp-
troller's Office."

          The first limitation is based upon "an amount equal but
not in excess of the amount that each would have received had such
tax been levied for the year 1948." For the purpose of this opinion,
we assume that this amount is susceptible of a definite calculation,
for had this tax been levied the taxpayer would have been required

to pay it at the same time he paid his county taxes and upon the same valuation.

The amount of the second limitation is definitely fixed as the amount actually received by such agency by reason of the 1947 levy during the fiscal year from September 1, 1947, to August 31, 1948, as shown by the records of the State Comptroller's Office. In other words, reference to this record is all that is necessary to ascertain this amount, which, of course, is definite.

In determining the additional amount of relief to be granted by this bill to the public agencies enumerated therein, we think it plain that the Legislature intended that the amount to be donated or allocated to these agencies should be the amount which results from the application of the lesser of these two limitations. To state it another way, if the first limitation is less than the second limitation, this is the one which should be adopted. Conversely, if the second limitation is less than the first, this is the one which should be adopted. It is quite plain from the language of this statute that an agency may (not shall or must) receive an amount equal to, but not in excess of the amount which would have been received had such tax been levied for the year 1948. This is the plain language of the statute. But this must yield to the second limitation if the amount is greater than the amount actually received by such agency by reason of the 1947 levy during the fiscal year from September 1, 1947, to August 31, 1948. It is absolutely essential that the amount of the additional allocation or donation provided for in this act be susceptible of definite ascertainment. We think the construction which we have given it achieves this purpose and is in accord with the express language of the statute.

## SUMMARY

The tax donation granted to certain public agencies enumerated in House Bill 779, Acts 51st Leg., R. S. 1949, ch. 309, p. 572, in lieu of the amount these agencies would have received had there been a State ad valorem levy for the year 1948, is measured by the lesser of the two limitations expressed in Section 1 of the act.

APPROVED:

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL:mwb

Yours very truly,

PRICE DANIEL
Attorney General

By L. P. Lollar
L. P. Lollar
Assistant